**COLGATE–PALMOLIVE COMPANY,**
**Appellant,**

v.

**PUREX CORPORATION, Limited,**
**Appellee.**

**Patent Appeal No. 8611.**

United States Court of Customs and Patent Appeals.

Dec. 23, 1971.

Walter I. Seligsohn, Barbara E. Schur, New York City, attys. of record, for appellant.

James M. Naylor, San Francisco, Cal., Robert G. McMorrow, Washington, D. C. (Naylor & Neal, San Francisco, Cal.), attys. of record, for appellee.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and RAO, Judge, United States Customs Court, sitting by designation.

RICH, Judge.

This appeal[1] is from the decision of the Trademark Trial and Appeal Board, 161 USPQ 311 (1969), sustaining appellee's opposition to the registration of appellant's application serial No. 211,797, filed February 11, 1965. We affirm.

The board's opinion, including reproductions of the marks involved, has been published in its entirety, and we have little to add to it. Appellant concedes appellee's priority and that the goods of the parties (household bleach, so far as relevant) "are in part nearly identical * * *." Thus the only question is whether, as applied to such goods, the marks so nearly resemble each other as to be likely to cause confusion or mistake.

Both marks include as prominent parts thereof uplifted left hands and forearms in the identical supporting posture. Obviously, there are differences in the two marks. Appellant's mark is of a masculine hand and forearm, whereas appellee's mark is of a feminine hand and forearm, and there is a heavy, allegedly masculine bracelet on the forearm in appellant's mark but no bracelet on the forearm in appellee's mark. There is also an octagon imprinted with the word PUREX supported by the hand in appellee's mark but no such element in appellant's mark *as depicted in its application*.[2] However, we agree with the board that "an average purchaser [at least of low-cost, shelf goods such as those involved here] is not likely to remember symbol marks in their specific details," cf. Columbian Steel Tank Co. v. Union Tank and Supply Co., 47 C.C.P.A. 898, 277 F.2d 192 (1960), and we also agree that, in view of the identity of posture of the hands in the parties'

marks and of the absence of reason for the purchasing public to suppose that the parties' goods actually emanate from different sources, "purchasers thereof might well assume that the involved products all come from a common source."

Since we find no error in the board's reasoning or decision after full consideration of the arguments, the decision of the board is affirmed.

Affirmed.

59 CCPA

---

1. The Petition of Appeal states that the preliminaries for this appeal were taken "pursuant to Section 1071, Title 15, United States Code and Section 142, Title 35, United States Code." The latter section pertains to appeals to this court in patent cases, not trademark cases. The trademark provision corresponding to 35 U.S.C. § 142 is 15 U.S.C. § 1071(a) (2).

2. As indicated in the board's opinion, appellant's design mark here involved is apparently actually used on its packages in conjunction with a "burst" containing its wordmark ACTION in a fashion very similar to appellee's entire mark.